ACCEPTED
15-24-00017-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/14/2025 10:59 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00017-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/14/2025 10:59:46 AM
CHRISTOPHER A. PRINE
Clerk

ALL STAR IMPORTS, INC. d/b/a
WORLD CAR MAZDA NORTH,

*Appellant/Cross-Appellee*,

v.

MAZDA MOTOR OF AMERICA, INC.

*Appellee/Cross-Appellant*,

v.

BOARD OF TEXAS DEPARTMENT OF MOTOR
VEHICLES,

*Appellee/Cross-Appellee.*

**REPLY IN SUPPORT OF
MOTION TO STRIKE OR DISREGARD THE MERITS PORTIONS OF
MAZDA MOTOR OF AMERICA, INC.'S CROSS-APPELLANT'S BRIEF**

World Car Mazda North ("World Car North") submits this reply in support of its motion to strike or disregard the portions of Mazda Motor of America, Inc.'s ("Mazda") Cross-Appellant's Brief that address the merits of the parties' underlying dispute. As previously noted, the Board of the Texas Department of Motor Vehicles ("Board") does <u>not</u> oppose the motion. Mazda's response, moreover, offers no sound basis to deny the motion and to leave in place Mazda's misguided briefing on its merits challenges. World Car North's

motion already addresses most of Mazda's response points in detailing why Mazda's merits briefing is improper on several grounds. But World Car North will briefly highlight a few key problems with Mazda's response arguments.

*First*, Mazda repeatedly conflates the two appeals in this matter and wrongly attempts to seize on that commingled view to claim *this appeal* is about more than jurisdiction. *E.g.*, Resp.4-5, 10, 12-13. Relatedly, Mazda ignores what it has previously said and what this Court actually ordered.

As the motion explains, and as Mazda's own Cross-Appellant's Brief states (at page ix), *this appeal* (15-24-00017-CV) is from a trial court order granting the Board's jurisdictional plea and dismissing the case for lack of jurisdiction. Only jurisdiction was briefed based on the plea to the jurisdiction, no administrative record was filed, and the trial court considered and decided only jurisdiction, ruling that the Board timely granted rehearing from its underlying June 14 Order and thus retains jurisdiction over the underlying dispute. When Mazda later—after both parties had appealed the trial court's order—filed a notice to remove the trial court case to this Court, that led to a second appeal (15-24-00039-CV). If this Court were to (1) disagree with the trial court and hold that courts have jurisdiction over the Board's underlying June 14 Order, *and* (2) rule that Mazda's notice of removal was timely and

proper (over World Car North and the Board's objections), then the second appeal (15-24-00039-CV) would be where further proceedings would occur.[1] So that second appeal could, depending on this Court's rulings, be where merits challenges to the Board's underlying June 14 Order are litigated, which would mean preparation of an administrative record and then briefing by the parties. In this way, the two appeals are distinct.

Mazda says this appeal (15-24-00017-CV) "is not merely a jurisdictional appeal," Resp.5, but ignores its previous statements. As World Car North's motion described (at 8-9), the parties *(including Mazda)* represented to the court (then the Third Court) in a joint motion filed in the second appeal that "the only issue in the related appeal (No. [15]-24-000[17]-CV) is the threshold subject-matter jurisdiction issue." Joint 5/29/2024 Mot. to Suspend at 6 (filed in No. 15-24-00039-CV). The parties *(including Mazda)* also represented that suspending briefing in the second appeal was needed due to "the practical impossibility of…filing briefs addressing the merits of the underlying agency proceeding without an administrative record." *Id.* at 7. Mazda utterly ignores these prior statements. Nor does Mazda deny that the premise of World Car

---

[1] If the Court were to find there is jurisdiction but *sustain* World Car North and the Board's objections to the notice of removal, that would eliminate the second appeal and return the case to the trial court for further proceedings.

North's "Motion to Consolidate Appeals, Stay All Proceedings on the Merits, and Set Briefing Schedule on Jurisdictional Issue"—which the Court granted, with Mazda opposed only to staying the administrative-record preparation—was that jurisdiction is the "sole issue" in *this* appeal (15-24-00017-CV). World Car North's 3/7/2024 Mot. to Consolidate at 6-8 (filed in No. 15-24-0039-CV).

Mazda's only basis for claiming that this appeal presents more than jurisdiction is the Court's consolidation order. But the Court consolidated the appeals only "for administrative purposes" and plainly treated them distinctly. The order expressly "stay[ed] the deadline for filing the administrative record and filing briefs in cause number 15-24-00039-CV," while ordering briefing in this "cause number 15-24-00017-CV." 9/24/2024 Order. The Court did not consolidate the appeals as one for all purposes and did not hint at merits briefing. Quite the opposite, the Court stayed all deadlines in the only cause that could present the merits and ordered briefing in this cause that presents only jurisdiction.

Accordingly, Mazda's argument that the Court has the power to address the merits in *this* appeal, because Mazda separately "filed a motion for removal that empowers this Court to decide all the merits issues in the case," is both confused and wrong. Resp.10. The Court lacks authority to delve into

and decide merits issues on appeal from the grant of a jurisdictional plea, *see* Mot.11-12, which this appeal clearly is, *see, e.g.*, Mazda.Br.ix. Nothing about the second appeal, originating from Mazda's removal notice and consolidated for administrative purposes, changes that. Mazda's only answer to this jurisdictional bar to reviewing Mazda's merits challenges thus fails.

Mazda's removal notice is also its only answer to the reality that it is asking this Court to be the first to address its merits arguments. Resp.12-13. The second appeal *could* present the merits, as explained above, if this Court were to find there is jurisdiction and also overrule World Car North and the Board's objections that Mazda's removal notice was improper and untimely. But the Court has stayed all proceedings in the second appeal. And in the trial-court proceeding from which *this appeal* comes, it is undisputed that the trial court never considered or decided any merits issue. *See* Mot.14.

**<u>Second</u>**, Mazda wholly ignores one of World Car North's jurisdictional arguments against Mazda's merits challenges. The motion detailed that this Court lacks power to consider these challenges because Mazda did not timely file a petition for judicial review in the trial court from the Board's underlying June 14 Order. Mot.12-13. Mazda offers no response whatsoever on this point, which alone is a basis to strike or disregard Mazda's merits briefing. Mazda

*purports* to answer it, Resp.10, but then addresses an entirely different issue by discussing whether its notice of removal of the trial court case into the second appeal was timely. Mazda thus has no answer to the reality that its merits challenges are not preserved for any court to review because Mazda's petition for judicial review filed in the trial court was plainly untimely.

*Third*, Mazda is wrong that its merits challenges can be decided here without an administrative record. As noted above, Mazda represented to the Third Court in a joint extension motion that suspending briefing in the second appeal was needed due to "the practical impossibility of…filing briefs addressing the merits of the underlying agency proceeding without an administrative record." Joint 5/29/2024 Mot. to Suspend at 7. Mazda is at least consistent by conceding that *World Car North's* merits challenges could not be and thus are not expected to be briefed until there is such a record. Resp.3. And while Mazda *says* its merits challenges do not require an administrative record, Resp.3-4, 13, its merits briefing refutes this. As World Car North's motion noted (at 10-11), Mazda could not make its merits arguments without extended discussions of its views of the evidence, and its attempt to avoid the lack of a record by simply citing *nothing* in those discussions is unsupportable. *See* Mazda.Br.22, 24-25. Further, the motion highlighted that World Car

North and the Board may need the record to respond to Mazda's challenges, and this Court may benefit from having the record to resolve the challenges. Tellingly, Mazda's response simply ignores these points.[2]

*Finally*, Mazda wrongly suggests that World Car North is seeking delay or a piecemeal resolution of the case. In fact, World Car North is attempting to streamline this matter by having an efficient resolution of the jurisdictional issue—deemed dispositive by the trial court—before embarking on costly and time-consuming merits challenges. World Car North does not at all seek delay and its jurisdiction-first proposal, which this Court seemingly adopted in its September 24, 2024 order, wisely avoids potential waste of party and judicial resources. Mazda's approach, by contrast, would unquestionably have some merits arguments briefed now before jurisdiction is even resolved, while most merits arguments would await a record and future briefing. And Mazda concedes that all the merits arguments have "the same factual nucleus," making their disconnected resolution illogical.

Mazda raises waiver concerns if it did not brief its merits challenges now. Resp.9, 14. The concerns are misplaced. All merits challenges that are

---

[2] Mazda cites a case in which a merits argument was resolved without referencing the administrative record, Resp.13-14, but that does not remotely dictate that *this* case can be fully briefed or considered without one.

otherwise preserved can be briefed either in the second appeal in this Court (15-24-00039-CV) or in the trial court *if* this Court were to disagree with the trial court and hold that courts have jurisdiction over the Board's underlying June 14 Order. Whether that briefing would occur in this Court or in the trial court would depend on how the Court would then rule on World Car North and the Board's pending motion to strike Mazda's notice of removal. Further, whether any of Mazda's merits challenges are preserved based on its untimely petition for judicial review must be decided. But for now, this Court can pacify Mazda's expressed waiver concerns and at the same time ensure that these appeals proceed efficiently by granting World Car North's motion.

Respectfully submitted,

STEPTOE LLP

Jarod R. Stewart
State Bar No. 24066147
jstewart@steptoe.com
Austin Kreitz
State Bar No. 24102044
akreitz@steptoe.com
717 Texas Avenue, Ste. 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)

BRACEWELL LLP

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham
State Bar No. 24051132
jeff.oldham@bracewell.com
Walter A. Simons
State Bar No. 24098429
walter.simons@bracewell.com
711 Louisiana Street, Ste. 2300
Houston, Texas 77002
(713) 223-2300
(800) 404-3970 (fax)

*Counsel for All Star Imports, Inc. d/b/a World Car Mazda North*

## CERTIFICATE OF SERVICE

I certify that a copy of this reply was filed with the Court and served on

counsel of record via eFileTexas.gov on January 14, 2025, as follows:

Brit T. Brown
brit.brown@akerman.com
Benjamin A. Escobar
ben.escobar@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard,
  Ste. 2300
Houston, Texas  77056
(713) 623-0887
(713) 960-1527 (fax)

Jeff Nobles
jeff.nobles@huschblackwell.com
HUSCH BLACKWELL LLP
600 Travis Street, Ste. 2350
Houston, Texas 77002
(713) 525-6200
(713) 647-6884 (fax)

*Counsel for Mazda Motor of America, Inc.*


Ken Paxton, Attorney General
Brent Webster
James Lloyd
Ernest C. Garcia
Kathy Johnson
State Bar No. 24126964
kathy.johnson@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Capitol Station
Austin, Texas  78711
(512) 475-4164
(512) 320-0167 (fax)

*Counsel for Board of the Texas Department of Motor Vehicles*

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham

IM-#10597676.2

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terri Patton on behalf of Jeffrey Oldham
Bar No. 24051132
terri.patton@bracewell.com
Envelope ID: 96189186
Filing Code Description: Response
Filing Description: Reply in Support of Motion to Strike or Disregard the Merits Portions of Mazda Motor of America, Inc.'s Cross-Appellant's Brief
Status as of 1/14/2025 11:27 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Benjamin AEscobar | | benjamin.escobar@akerman.com | 1/14/2025 10:59:46 AM | SENT |
| Brit T.Brown | | brit.brown@akerman.com | 1/14/2025 10:59:46 AM | SENT |
| Neila Olvera | | neila.olvera@akerman.com | 1/14/2025 10:59:46 AM | SENT |
| Jeffery Nobles | 15053050 | jeff.nobles@huschblackwell.com | 1/14/2025 10:59:46 AM | SENT |
| Jeffrey Oldham | 24051132 | jeff.oldham@bracewell.com | 1/14/2025 10:59:46 AM | SENT |
| Walter Simons | 24098429 | walter.simons@bracewell.com | 1/14/2025 10:59:46 AM | SENT |
| Jarod Stewart | 24066147 | jstewart@steptoe.com | 1/14/2025 10:59:46 AM | SENT |
| Austin Kreitz | 24102044 | akreitz@steptoe.com | 1/14/2025 10:59:46 AM | SENT |
| Katherine Johnson | 24126964 | kathy.johnson@oag.texas.gov | 1/14/2025 10:59:46 AM | SENT |
| Terri Patton | | terri.patton@bracewell.com | 1/14/2025 10:59:46 AM | SENT |
| Christina Ramos | | cramos@steptoe.com | 1/14/2025 10:59:46 AM | SENT |
| Sallie Woodell | | swoodell@steptoe.com | 1/14/2025 10:59:46 AM | SENT |